Robert C.J. Tuttle, Mark A. Cantor, Frank A. Angileri, Matthew R. Mowers, Hope V. Shovein, Brooks Kushman P.C., Southfield, MI, for Defendant–Appellee.

Before BRYSON, MOORE and O'MALLEY, Circuit Judges.

### ORDER

O'MALLEY, Circuit Judge.

The parties jointly move to remand this case to the Trademark Trial and Appeal Board ("Board"), due to settlement.

The parties state that they have settled the case and move to remand so that the Board can consider a motion to vacate its decision. We grant the motion to the extent that we remand for the limited purpose of the Board's consideration of the parties' motions. *Ohio Willow Wood Co. v. Thermo–Ply, Inc.*, 629 F.3d 1374, 1375 (Fed.Cir.2011). We retain jurisdiction so that any of the parties may seek appellate review by notifying the clerk of the court within thirty days of entry of the Board's determination on remand. The appeal is held in abeyance pending the resolution of the motion by the Board. The parties should promptly inform this court of the Board's ruling on the motion and should propose how they believe the appeals should proceed in light of the Board's ruling.

In granting the motion, the Federal Circuit takes no position as to whether the Board should grant the motion for vacatur.

Upon consideration thereof,

IT IS ORDERED THAT:

The motion to remand is granted to the limited extent explained above. The court retains jurisdiction over the appeal at this time.

**RESQNET.COM, INC., Plaintiff–Appellant,**

v.

**LANSA, INC., Defendant–Cross Appellant.**

**Nos. 2012–1189, 2012–1190.**

United States Court of Appeals, Federal Circuit.

Sept. 20, 2012.

James H. Hulme, Janine A. Carlan, Taniel Ermano Anderson, Arent Fox, LLP, Washington, DC, for Defendant–Cross Appellant.

Jeffrey I. Kaplan, Sorin Royer Cooper LLC, East Brunswick, NJ, for Plaintiff–Appellant.

Before BRYSON, MOORE and O'MALLEY, Circuit Judges.

### ORDER

O'MALLEY, Circuit Judge.

The parties jointly move to remand this case to the United States District Court for the Southern District of New York due to settlement.

The parties state they have settled the case and requested an indicative ruling indicating from the district court, pursuant to Fed.R.Civ.P. 62.1, whether the district court would defer, deny, or grant a motion to vacate the underlying judgment if the case were remanded. The district court indicated pursuant to Rule 62.1(a)(3) that it would grant the motion.

In remanding this case to the District Court to consider the motion for vacatur, the Federal Circuit takes no position as to whether the District Court should grant the motion for vacatur.

Upon consideration thereof,

IT IS ORDERED THAT:

The motion is granted.